Filed 9/4/24  P. v. Smart CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C100248 |
| Plaintiff and Respondent, | (Super. Ct. No. 22FE021151) |
| v. | |
| MICHAEL JAMAAL SMART, | |
| Defendant and Appellant. | |

After the trial court denied his motion to suppress evidence, defendant Michael Jamaal Smart pled no contest to possessing a firearm having been convicted of a felony. Following sentencing, defendant appealed from the denial of his suppression motion. Defendant's appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 asking this court to independently review the record to determine if there are any arguable errors that would result in a disposition more favorable to defendant. Finding none, we affirm.

1

# FACTUAL AND PROCEDURAL BACKGROUND

" 'In reviewing a suppression ruling, "we defer to the superior court's express and implied factual findings if they are supported by substantial evidence" ' " and " 'view the evidence in a light most favorable to the order denying the motion to suppress,' " meaning " '[a]ny conflicts in the evidence are resolved in favor of the superior court ruling.' " (*People v. Tully* (2012) 54 Cal.4th 952, 979.) We recite the relevant facts in light of this deferential standard.

On the day after Christmas, the Sacramento Police Department stationed police officers at the mall to deal with violence between juveniles that frequently occurred that day. Mall patrons reported to some of these police officers that multiple people were yelling at each other in a department store. By the time the officers arrived at the reported location on the second floor, the disturbance was over and the perpetrators had left.

Then, the department store's security reported that two people had an altercation or argument and one of them was armed with a handgun. The department store's security personnel described the armed suspect as an adult male wearing a green jacket with a gun in the right pocket and carrying a black backpack. They described the other suspect as an adult male wearing a blue jacket. The department store's security personnel also reported that they had found security footage of the disturbance and fast-forwarded it to determine the suspects had gone down the escalator to the Polo section in the department store. Officers went downstairs and found defendant wearing a green jacket and carrying a black bag with another man wearing a blue jacket.

An officer asked defendant if he had been involved in the disturbance upstairs, and defendant denied being involved. The officer advised defendant he was going to perform a patdown search for weapons, and defendant responded that he did not consent to a search and repeatedly informed the officer that he was not on probation or parole. The officer grabbed defendant's wrist, and defendant asked the officer not to search him.

2

Defendant tensed up so that the officer could not perform the patdown, so the officer asked defendant not to resist. Other officers came over to assist in getting defendant's hands behind his back. When they could not get defendant's hands behind his back, they took him to the ground.

When defendant was on the ground, one officer saw him reaching for his front right pocket. The officer had been warned that the suspect had a firearm in his front right pocket, so he ran over and grabbed the pocket. The officer felt a handgun in the pocket, so he unzipped the pocket and pulled out a handgun.

The prosecution argued the police officers properly detained defendant because he and his companion matched the description of the two individuals involved in multiple confrontations in a busy mall on a day when violence commonly recurred and defendant specifically matched the description of someone reportedly carrying a gun. The prosecution also argued the officers properly performed a patdown search to ensure their safety, given the report of the gun in defendant's pocket. Defendant argued the prosecution could not establish reasonable suspicion for the detention and patdown search without providing testimony from the witness who told the police defendant was armed with a handgun.

The magistrate found that the police officers had appropriately tracked down defendant to investigate the reports of a man with a gun involved in disputes in a busy mall. The magistrate likewise found the officers had properly searched defendant to ensure that he did not have a gun. Accordingly, the magistrate denied the motion to suppress the evidence. The magistrate also denied defendant's request to strike the allegation that he had previously been convicted of a serious felony. Defendant renewed his suppression motion in the trial court, but the court denied the motion.

Defendant then pled no contest to possessing a firearm having been convicted of a felony. Defendant also admitted having a prior serious felony conviction. Pursuant to the negotiated plea agreement, the trial court sentenced defendant to the lower term of 16

3

months in prison, doubled to 32 months due to the prior serious felony conviction. The court credited defendant with 688 days served in custody.

Defendant appeals from the judgment indicating that he based his appeal on the denial of his motion to suppress evidence.

## DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and asks this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable errors that are favorable to defendant. Accordingly, we affirm.

DISPOSITION

The judgment is affirmed.

/s/_____
ROBIE, Acting P. J.

We concur:

/s/_____
MESIWALA, J.

/s/_____
WISEMAN, J.[*]

_____

[*]    Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.